# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2016 APR 14  PM 1:44

SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SAN DIEGO UNIFIED SCHOOL DISTRICT, a public entity;  and
DOES 1-25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DANIEL VILLANUEVA, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es:)*  San Diego Superior Court | *(Número del Caso):* |
| 330 W. Broadway, San Diego CA 92101 | 37-2016-00012195-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Josh D. Gruenberg 2155 First Avenue, San Diego, CA 92101 (619) 230-1234

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)*  APR 1 4 2016 | *(Secretario)*  B. Chandler | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

COPY
[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use | | |
|---|---|---|
| Judicial Council of California | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
| SUM-100 [Rev. July 1, 2009] | | www.courtinfo.ca.gov |

Exhibit 1 - 1

1  Joshua D. Gruenberg, Esq. SB #163281
2  Joshua P. Pang, Esq. SB #296371
   Colette N. Menaldino, Esq. SB #304745
3       GRUENBERG LAW
         2155 FIRST AVENUE
4     SAN DIEGO, CALIFORNIA 92101-2013
         TELEPHONE: (619) 230-1234
5        TELECOPIER: (619) 230-1074

   Attorneys for Plaintiff,
6  **DANIEL VILLANUEVA**

7

8       SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       COUNTY OF SAN DIEGO, CENTRAL DIVISION

10  DANIEL VILLANUEVA, an individual,    ) Case No. **37-2016-00012195-CU-OE-CTL**
                                         )
11              Plaintiff,               ) **PLAINTIFF'S COMPLAINT FOR:**
                                         )
12         v.                            ) 1. DISCRIMINATION BASED ON
                                         )    MILITARY STATUS AND
13                                       )    PROTECTED LEAVE [Cal. Gov't
   SAN DIEGO UNIFIED SCHOOL DISTRICT., a )    Code § 12940(a)];
14 public entity; and DOES 1 through 25, Inclusive, ) 2. DISCRIMINATION BASED ON
                                         )    MILITARY STATUS AND
15              Defendants.              )    PROTECTED LEAVE [Cal. Mil. &
                                         )    Vet. Code §§ 394, 395, 564];
16                                       ) 3. VIOLATION OF USERRA [38 U.S.C.
                                         )    § 4301 et seq.];
17                                       ) 5. INTENTIONAL INFLICTION OF
                                         )    EMOTIONAL DISTRESS.
18                                       )
                                         ) **[JURY TRIAL DEMANDED]**
19                                       )
20                                       )
21                                       )

22         COMES NOW THE PLAINTIFF, alleging against Defendants as follows:

23         **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24  1.  Plaintiff DANIEL VILLANUEVA, (hereinafter "Plaintiff" or "Villanueva") is a natural

25      person who is, and at all relevant times was, a resident of the United States and a

26      domiciliary of the State of California.

27  2.  Plaintiff is informed and believes and thereon alleges that Defendant, SAN DIEGO

28      UNIFIED SCHOOL DISTRICT (hereinafter "SDUSD" or "Defendant"), is a public

Exhibit 1 - 2

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    entity conducting substantial business in the State of California, County of San Diego.

2    SDUSD is an "employer" as defined in the California Fair Employment Housing Act

3    (FEHA), California Government Code § 12940 et seq.

4    3.    Plaintiff is ignorant to the true names and capacities of the Defendants sued herein as

5          DOES 1 through 25 and therefore sues these defendants by such fictitious names.

6          Plaintiff will amend this Complaint to allege the true names and capacities when they are

7          ascertained.

8    4.    Plaintiff is informed and believes and thereon alleges that each fictitiously named

9          Defendant is responsible in some manner for the occurrences herein alleged, and

10         Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally

11         caused by Defendants.

12   5.    Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are

13         somehow responsible for the acts alleged herein as the agents, employers, representatives

14         or employees of other named Defendant, and in doing the acts herein alleged were acting

15         within the scope of their agency, employment or representative capacity of said named

16         Defendants.

17   6.    The tortious acts and omissions alleged herein were performed by management level

18         employees of Defendant.  Defendant allowed and/or condoned a continuing pattern of

19         fraudulent, discriminatory, and unfair practices.

20   7.    At all times mentioned herein, Cal. Gov't Code §12940, et seq., was in full force and

21         effect and was binding on Defendants.

22   8.    The actions of Defendants against Plaintiff constitute unlawful employment practices in

23         violation of Cal. Gov't. Code §12940, et seq., as herein alleged, and have caused, and

24         will continue to cause, Plaintiff emotional distress and loss of earnings.

25   9.    At all times mentioned herein, Cal. Mil. & Vet. Code §§ 394, 395, and 564, was in full

26         force and effect and was binding on Defendants.

27   10.   The actions of Defendants against Plaintiff constitute unlawful employment practices in

28         violation of Cal. Mil. & Vet. Code §§ 394, 395, and 564, as herein alleged, and have

Exhibit 1 - 3

1   caused, and will continue to cause, Plaintiff emotional distress and loss of earnings.

2   11.   Defendants had actual and constructive knowledge of the tortious acts and omissions

3   alleged and thereafter ratified said conduct by failing to reprimand or terminate.

4   12.   Defendants, and each of them, committed these acts alleged herein maliciously,

5   fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and

6   acted with an improper and evil motive amounting to malice or despicable conduct.

7   Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard

8   for Plaintiff's rights.

9   13.   Defendants' conduct warrants the assessment of punitive damages in an amount

10   sufficient to punish Defendants and deter others from engaging in similar conduct.

11   14.   Plaintiff seeks compensatory damages, punitive damages, costs of suit herein, and

12   attorney fees.

13   15.   Plaintiff filed his charges of discrimination against SDUSD with the California

14   Department of Fair Employment and Housing on April 13, 2016, and thereafter, on that

15   same day, received from the DFEH his "Right to Sue" letters, which are collectively

16   attached hereto as "EXHIBIT A".

17   ## SPECIFIC FACTUAL ALLEGATIONS

18   16.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

19   the preceding paragraphs as though fully set forth herein.

20   17.   Plaintiff joined the California National Guard in 2004, where he continues his service to

21   this day.

22   18.   As a member of the California National Guard, Plaintiff is required to perform two (2)

23   consecutive weeks of annual training per year, along with one weekend of training per

24   month.  Additionally, Plaintiff is a member of a deployable unit, and thus may be called

25   at any time for training and/or deployment.

26   19.   In or around February 1999, Plaintiff was hired by Defendant as a custodian at Marshall

27   Middle School.  In or around summer 2000, Plaintiff was promoted to Crew Leader at

28   Lindbergh Schweitzer Elementary School.  In or around summer 2001, Plaintiff was

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    promoted to Senior Crew Leader at Madison High School. In or around summer 2004,

2    Plaintiff was promoted to Building Supervisor II (BS II) at Linda Vista Elementary

3    School. In or around 2004, Plaintiff was demoted to Crew Leader at University High

4    School due to reduction in work force. In or around 2005, Plaintiff was reinstated by

5    Defendant as Building Supervisor II (BS II) at Garfield High School.

6    20.    Throughout his employment, Plaintiff performed his work duties in a capable and

7    efficient manner.

8    21.    In or around July 10, 2015, Plaintiff received warning from his commander that he would

9    soon receive written orders for deployment. Thereafter, Plaintiff informed Jolie Pickett,

10    Principal of Garfield High School, and his supervisor, Rubin Meaze, Plan Operator

11    Supervisor, that he would soon be receiving written orders for deployment.

12    22.    In or around July 17, 2015, Plaintiff received written orders to Full Time National Guard

13    Duty – Operational Support. Plaintiff was to report to Camp Roberts, California, for the

14    period July 22, 2015 through September 1, 2015.

15    23.    On the same day, Plaintiff notified Defendant that he received written orders to deploy.

16    Plaintiff then requested and was granted military leave.

17    24.    On or about Thursday, August 27, 2015, Plaintiff was on military leave in Santa Maria,

18    California. At or around 4:18 p.m. that afternoon, Ryan Brock, Principal of De Portola

19    Middle School, called Plaintiff and left him a voicemail. Mr. Brock stated, "This call is

20    for Daniel Villanueva. This is Ryan Brock, Principal at De Portola Middle School. I'm

21    calling because we are interviewing for BSS III (Building Service Supervisor III)

22    position. We have tomorrow, so if you're interested call me," or words to that effect.

23    Plaintiff immediately returned the phone call and left a voicemail indicating that he

24    wanted to interview, but needed accommodation because he was out of town on military

25    orders.

26    25.    As soon as Plaintiff was provided with this information, he informed his chain of

27    command of the situation and he was able to cut his orders short. Plaintiff returned to

28    San Diego, California on Friday, August 28, 2015 to make certain that he would have an

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

Exhibit 1 - 5

1  opportunity to interview.

2  26.  On or about Friday, August 28, 2015 at 2:09 p.m., Maria Cook, a staff member employed

3  by De Portola Middle School, returned Plaintiff's call and left him a voicemail stating,

4  "Ryan wanted me to let you know that they are conducting the BSS III interviews today,

5  so they won't be having any other interviews next week.  They do need to make a

6  decision, so I'm sorry about that.  I know you're on military leave, but he just wanted me

7  to let you know that won't be holding interviews next week.  Alright, if you have any

8  other questions, feel free to call me back," or words to that effect.  *- Pwai act cpply given the to nflu*

9  27.  On or about September 4, 2015, Plaintiff informed Acacia Thede, Executive Director for

10  Human Resources, San Diego Unified School District, of the above situation.  Plaintiff

11  informed Ms. Thede that he believed he was being treated differently due to his military

12  status because he was not afforded an equal opportunity.

13  28.  Approximately one month later, after Plaintiff requested an update from Ms. Thede on or

14  about October 8, 2015, Ms. Thede informed Plaintiff that the process followed for this

15  interview was appropriate and that there is no requirement that the employer schedule

16  interviews at the convenience of the employee.

17  29.  Thereafter, Plaintiff submitted a complaint to the Veterans' Employment and Training

18  Service (VETS) against San Diego School District under the Uniformed Services

19  Employment and Reemployment Rights Act of 1994 (USERRA).  Maarla K. Milligan,

20  Investigator, informed Samuel Scaife, Human Resource Analyst at the San Diego Unified

21  School District, that as a result of their investigation, the evidence supports a violation of

22  USERRA.

23  ### FIRST CAUSE OF ACTION

24  ### DISCRIMINATION BASED ON MILITARY STATUS AND PROTECTED

25  ### MILITARY LEAVE

26  **[Cal. Gov't Code §12940(a)]**

27  30.  Plaintiff re-alleges and incorporates herein by reference each and every allegation

28  contained in the proceeding paragraphs as though fully set forth herein.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

31. Defendant discriminated against Plaintiff in the terms, conditions and privileges of his employment.

32. Plaintiff believes and thereon alleges that his military status as an actively serving National Guardsman, was a motivating reason for Defendant's discrimination against him.

33. Defendant's conduct of discriminating against Plaintiff on the basis of his military status violated Cal. Gov't Code § 12940(a).

34. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

35. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

36. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

37. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

## SECOND CAUSE OF ACTION

### DISCRIMINATION BASED ON MILITARY STATUS AND PROTECTED MILITARY LEAVE

#### [Cal. Mil. & Vet. Code §§ 394, 395 564]

38. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

39. According to the California Military and Veterans Code § 394, no person shall

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1   discriminate against any enlisted member of the military or naval forces of the state or

2   United States because of that membership.

3   40.   Furthermore, according to the California Military and Veterans Code § 394 no employee

4   of the state, or of any county, city and county, municipal corporation, or district shall

5   discriminate against any enlisted member of the military or naval forces of the state or of

6   the United States because of that membership.

7   41.   According to the California Military and Veterans Code § 395, any public employee who

8   is a member of the reserve corps of the Armed Forces of the United States or of the

9   National Guard or the Naval Militia is entitled to a temporary military leave of absence as

10   provided by federal law while engaged in military duty ordered for purposes of active

11   military training, inactive duty training, encampment, naval cruises, special exercises or

12   like activity, providing that the period of ordered duty does not exceed 180 calendar days,

13   including time involved in going to and returning from that duty.

14   42.   Furthermore, according to the California Military and Veterans Code § 395, any public

15   employee who has been in the service of the public agency from which the leave is taken

16   for a period of not less than one year immediately prior to the date on which a temporary

17   military leave of absence begins, shall receive the same rights and privileges to

18   promotion that the employee would have enjoyed had he not been absent therefrom.

19   43.   Defendant subjected Plaintiff to adverse actions because of his participation in the

20   uniformed services, such as failing to accommodate him while he was on military orders.

21   This conduct constitutes a violation of §§ 394 and 395.

22   44.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

23   sustained and continues to sustain substantial losses in earnings, employment benefits,

24   employment opportunities, and Plaintiff has suffered other economic losses in an amount

25   to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

26   45.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

27   suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

28   mental and physical pain and anguish, all to her damage in a sum to be established

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1   according to proof.

2   46.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

3   to recover punitive and exemplary damages in an amount commensurate with

4   Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible

5   conduct.

6   47.   In addition to such other damages as may properly be recovered herein, Plaintiff is

7   entitled to recover prevailing party attorney's fees.

8   **THIRD CAUSE OF ACTION**

9   **VIOLATION OF USERRA**

10   **[38 U.S.C. § 4301 et seq.]**

11   48.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

12   the preceding paragraphs as though fully set forth herein.

13   49.   38 U.S.C.A. § 4301 sets forth USERRA's express intent in that "[t]he purposes of this

14   chapter are (1) to encourage noncareer service in the uniformed services by eliminating

15   or minimizing the disadvantages to civilian careers and employment which can result

16   form such service; ... and (3) to prohibit discrimination against persons because of their

17   service in the uniformed services."

18   50.   In addition, 20 CFR Part 1002.7 provides that "USERRA establishes a floor, not a

19   ceiling, for the employment and reemployment rights and benefits of those it protects.  In

20   other words, an employer may provide greater rights and benefits than USERRA

21   requires, but no employer can refuse to provide any right or benefit guaranteed by

22   USERRA."

23   51.   38 U.S.C.A. § 4311(a) states that "a person who is a member of, performs, . . . or has an

24   obligation to perform service in a uniformed service shall not be denied initial

25   employment, reemployment, retention in employment, promotion, or any benefit of

26   employment by an employer on the basis of that membership, . . . performance of service,

27   . . . or obligation."

28   52.   38 U.S.C.A. § 4311(c)(1) provides that "an employer shall be considered to have engaged

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

Exhibit 1 - 9

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    actions prohibited under subsection (a), if the person's membership, application for

2    membership, service, application for service, or obligation for service in the uniformed

3    services is a motivating factor in the employer's action, unless the employer can prove

4    that the action would have been taken in the absence of such membership, application for

5    membership, service, application for service, or obligation for service."

6   53.    Plaintiff gave Defendant proper notice of his military service.

7   54.    Defendant's failure to provide reasonable accommodation while Plaintiff was on military

8    orders violated the rights afforded Plaintiff under USERRA, 38 U.S.C.A. §§ 4301, et.

9    Seq.

10   55.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

11    sustained and continues to sustain substantial losses in earnings, employment benefits,

12    employment opportunities, and Plaintiff has suffered other economic losses in an amount

13    to be determined at time of trial. Plaintiff has sought to mitigate these damages.

14   56.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

15    suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

16    mental and physical pain and anguish, all to her damage in a sum to be established

17    according to proof.

18   57.    As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

19    to recover punitive and exemplary damages in an amount commensurate with

20    Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible

21    conduct.

22   58.    In addition to such other damages as may properly be recovered herein, Plaintiff is

23    entitled to recover prevailing party attorney's fees.

24 **FOURTH CAUSE OF ACTION**

25 **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

26   59.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in

27    the preceding paragraphs as though fully set forth herein.

28   60.    Defendant intended to cause Plaintiff to suffer extreme emotional distress. Plaintiff did

1    suffer extreme emotional distress as a result of Defendant's actions.

2    61.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

3          sustained and continues to sustain substantial losses in earnings and other employment

4          benefits and opportunities.  Plaintiff has sought to mitigate these damages.

5    62.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

6          suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

7          mental and physical pain and anguish, all to her damage in a sum to be established

8          according to proof.

9    WHEREFORE, Plaintiff prays for the following relief:

10        1.   For general and compensatory damages in an amount according to proof;

11        2.   For punitive damages in an amount necessary to make an example of and to

12             punish Defendant, and to deter future similar misconduct;

13        3.   For mental and emotional distress damages;

14        4.   For back pay, front pay and other monetary relief;

15        5.   For injunctive relief, including reinstatement, promotion, and retroactive

16             seniority;

17        6.   For costs of litigation, expert costs, and attorneys' fees as permitted by law;

18        7.   For an award of interest at the prevailing legal rate, as permitted by law;

19        8.   For such other and further relief as the Court deems proper and just under all the

20             circumstances.

21

22   **PLAINTIFF DANIEL VILLANUEVA** demands a jury trial on all issues in this case.

23

24   DATED: April 13, 2016                    GRUENBERG LAW

25

26                                            JOSHUA D. GRUENBERG
                                              JOSHUA P. PANG
27                                            COLETTE N. MENALDINO
                                              Attorneys for Plaintiff,
28                                            DANIEL VILLANUEVA

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1

# EXHIBIT A

2
3

(1) PLAINTIFF DANIEL VILLANEUVA'S RIGHT TO SUE LETTER FROM DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING ("DFEH")

4
5

(2) PLAINTIFF DANIEL VILLANEUVA'S COMPLAINT OF DISCRIMINATION FILED WITH DFEH

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

# EXHIBIT A

Exhibit 1 - 13



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                   GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                         DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

April 13, 2016

Colette Menaldino
2155 First Avenue
San Diego California 92101

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 759808-222394
Right to Sue: Villanueva / San Diego Unified School District

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer. You or your attorney must serve the complaint. If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

Exhibit 1 - 14



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

April 13, 2016

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 759808-222394
Right to Sue: Villanueva / San Diego Unified School District

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

Exhibit 1 - 15



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

April 13, 2016

Daniel Villanueva
2155 First Avenue
San Diego, California 92101

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 759808-222394
Right to Sue: Villanueva / San Diego Unified School District

Dear Daniel Villanueva,

This letter informs you that the above-referenced complaint was filed with the Department of Fair
Employment and Housing (DFEH) has been closed effective April 13, 2016 because an immediate Right
to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against
the person, employer, labor organization or employment agency named in the above-referenced
complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity
Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure
or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Exhibit 1 - 16



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

Enclosures

cc:

Exhibit 1 - 17

1
2
3
4
5

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

### BEFORE THE STATE OF CALIFORNIA

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

6  In the Matter of the Complaint of                    DFEH No. 759808-222394
7  Daniel Villanueva, Complainant.
   2155 First Avenue
8  San Diego, California 92101

9  vs.

10
   San Diego Unified School District, Respondent.
11 4100 Normal Street
   San Diego, California 92103
12

13

14 Complainant alleges:

15 1. Respondent **San Diego Unified School District** is a **Other** subject to suit under the California Fair
   Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is
16 subject to the FEHA.

17 2. On or around **August 28, 2015**, complainant alleges that respondent took the following adverse actions
   against complainant: **Discrimination Denied promotion, Denied reasonable accommodation, Other,**
18 **Failure to provide reasonable accommodation while Plaintiff was on military leave.** Complainant believes
   respondent committed these actions because of their: **Other Military Status and Military Leave.**
19

20 3. Complainant **Daniel Villanueva** resides in the City of **San Diego**, State of **California**. If complaint includes
   co-respondents please see below.
21

22

DFEH 902-1

                                            -5-
                            *Complaint – DFEH No. 759808-222394*

Date Filed: April 13, 2016

                                                              Exhibit 1 - 18

**Additional Complaint Details:**

Claimant joined the California National Guard in 2004, where he continues his service to this day. As a member of the California National Guard, Claimant is required to perform two (2) consecutive weeks of annual training per year, along with one weekend of training per month. Additionally, Claimant is a member of a deployable unit, and thus may be called at any time for training and/or deployment.

In or around February 1999, Claimant was hired by Respondent as a custodian at Marshall Middle School. In or around summer 2000, Claimant was promoted to Crew Leader at Lindbergh Schweitzer Elementary School. In or around summer 2001, Claimant was promoted to Senior Crew Leader at Madison High School. In or around summer 2004, Claimant was promoted to Building Supervisor II (BS II) at Linda Vista Elementary School. In or around 2004, Claimant was demoted to Crew Leader at University High School due to reduction in work force. In or around 2005, Claimant was reinstated by Respondent as Building Supervisor II (BS II) at Garfield High School. Throughout his employment, Claimant performed his work duties in a capable and efficient manner.

In or around July 10, 2015, Claimant received warning from his commander that he would soon receive written orders for deployment. Thereafter, Claimant informed Jolie Pickett, Principal of Garfield High School, and his supervisor, Rubin Meaze, Plan Operator Supervisor, that he would soon be receiving written orders for deployment. In or around July 17, 2015, Claimant received written orders to Full Time National Guard Duty Operational Support. Claimant was to report to Camp Roberts, California, for the period July 22, 2015 through September 1, 2015. On the same day, Claimant notified Respondent that he received written orders to deploy. Claimant then requested and was granted military leave. On or about Thursday, August 27, 2015, Claimant was on military leave in Santa Maria, California. At or around 4:18 p.m. that afternoon, Ryan Brock, Principal of De Portola Middle School, called Claimant and left him a voicemail. Mr. Brock stated, This call is for Daniel Villanueva. This is Ryan Brock, Principal at De Portola Middle School. Im calling because we are interviewing for BSS III (Building Service Supervisor III) position. We have tomorrow, so if youre interested call me, or words to that effect. Claimant immediately returned the phone call and left a voicemail indicating that he wanted to interview, but needed accommodation because he was out of town on military orders.

As soon as Claimant was provided with this information, he informed his chain of command of the situation and he was able to cut his orders short. Claimant returned to San Diego, California on Friday, August 28, 2015 to make certain that he would have an opportunity to interview. On or about Friday, August 28, 2015 at 2:09 p.m., Maria Cook, a staff member employed by De Portola Middle School, returned Claimants call and left him a voicemail stating, Ryan wanted me to let you know that they are conducting the BSS III interviews today, so they wont be having any other interviews next week. They do need to make a decision, so Im sorry about that. I know youre on military leave, but

-6-
*Complaint – DFEH No. 759808-222394*

Date Filed: April 13, 2016

DFEH 902-1

Exhibit 1 - 19

he just wanted me to let you know that wont be holding interviews next week.  Alright, if you have any other questions, feel free to call me back, or words to that effect.

On or about September 4, 2015, Claimant informed Acacia Thede, Executive Director for Human Resources, San Diego Unified School District, of the above situation. Claimant informed Ms. Thede that he believed he was being treated differently due to his military status because he was not afforded an equal opportunity.

Approximately one month later, after Claimant requested an update from Ms. Thede on or about October 8, 2015, Ms. Thede informed Claimant that the process followed for this interview was appropriate and that there is no requirement that the employer schedule interviews at the convenience of the employee.  Thereafter, Claimant submitted a complai

DFEH 902-1

-7-
*Complaint – DFEH No. 759808-222394*

Date Filed: April 13, 2016

Exhibit 1 - 20

## VERIFICATION

I, **Colette Menaldino**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On April 13, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Diego, California**
**Colette Menaldino**

-8-
*Complaint -- DFEH No. 759808-222394*

DFEH 002-1

Date Filed: April 13, 2016

Exhibit 1 - 21

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Joshua D. Gruenberg, Esq., SB#163281<br>GRUENBERG LAW<br>2155 First Avenue, San Diego, CA 92101<br>TELEPHONE NO.: 619-230-1234   FAX NO.: 619-230-1074<br>ATTORNEY FOR *(Name):* Plaintiff, Daniel Villanueva | CIVIL DIVISION<br><br>2016 APR 14   PM 1:44 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego CA 92101
BRANCH NAME: Central Division

CASE NAME:
Villanueva v. San Diego Unified School District

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2016-00012195-CU-OE-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | [ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |
| [ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | Real Property<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08) | Unlawful Detainer<br>[ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13)<br>[ ] Fraud (16) | [ ] Residential (32)<br>[ ] Drugs (38) | Miscellaneous Civil Complaint<br>[ ] RICO (27) |
| [ ] Intellectual property (19)<br>[ ] Professional negligence (25) | Judicial Review<br>[ ] Asset forfeiture (05) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02) | Miscellaneous Civil Petition<br>[ ] Partnership and corporate governance (21) |
| Employment<br>[ ] Wrongful termination (36)<br>[✓] Other employment (15) Text | [ ] Other judicial review (39) Text | [ ] Other petition *(not specified above)* (43) |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 11
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 13, 2016

Josh D. Gruenberg, Esq.
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit 1 - 22

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
   Auto (22)–Personal Injury/Property
      Damage/Wrongful Death
   Uninsured Motorist (46) *(if the
      case involves an uninsured
      motorist claim subject to
      arbitration, check this item
      instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
         Wrongful Death
   Product Liability *(not asbestos or
      toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice–
         Physicians & Surgeons
      Other Professional Health Care
         Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip
         and fall)
      Intentional Bodily Injury/PD/WD
         (e.g., assault, vandalism)
      Intentional Infliction of
         Emotional Distress
      Negligent Infliction of
         Emotional Distress
      Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business
      Practice (07)
   Civil Rights (e.g., discrimination,
      false arrest) *(not civil
      harassment)* (08)
   Defamation (e.g., slander, libel)
      (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
         *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)

**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease
         Contract *(not unlawful detainer
            or wrongful eviction)*
      Contract/Warranty Breach–Seller
         Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/
         Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
         Case
   Insurance Coverage *(not provisionally
      complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute

**Real Property**
   Eminent Domain/Inverse
      Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent
         domain, landlord/tenant, or
         foreclosure)*

**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential)*

**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
         Case Matter
      Writ–Other Limited Court Case
         Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
         Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims
      *(arising from provisionally complex
      case type listed above)* (41)

**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of
         County)
      Confession of Judgment *(non-
         domestic relations)*
      Sister State Judgment
      Administrative Agency Award
         *(not unpaid taxes)*
      Petition/Certification of Entry of
         Judgment on Unpaid Taxes
      Other Enforcement of Judgment
         Case

**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified
      above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-
         harassment)*
      Mechanics Lien
      Other Commercial Complaint
         Case *(non-tort/non-complex)*
      Other Civil Complaint
         *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
   Partnership and Corporate
      Governance (21)
   Other Petition *(not specified
      above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
         Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
         Claim
      Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit 1 - 23

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  330 West Broadway<br>MAILING ADDRESS:  330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827<br>BRANCH NAME:  Central | |

| PLAINTIFF(S):   DANIEL VILLANUEVA |
|---|
| DEFENDANT(S): SAN DIEGO UNIFIED SCHOOL DISTRICT |
| SHORT TITLE:   VILLANUEVA VS. SAN DIEGO UNIFIED SCHOOL DISTRICT |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2016-00012195-CU-OE-CTL |
|---|---|

Judge: Eddie C Sturgeon                                                                 Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                                    ☐  Binding private arbitration

☐  Voluntary settlement conference (private)   ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                       ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name)  _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                        Date: _____

_____                        _____
Name of Plaintiff                                              Name of Defendant

_____                        _____
Signature                                                       Signature

_____                        _____
Name of Plaintiff's Attorney                            Name of Defendant's Attorney

_____                        _____
Signature                                                       Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated:  04/14/2016                                        _____
                                                                     JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

Exhibit 1 - 24



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2

Exhibit 1 - 25

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

Exhibit 1 - 26